# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
  **Plaintiff**

 v.             **Case No. 09-CR-54**

**XAVIER TURNER**
  **Defendant.**

## ORDER

Defendant Xavier Turner, by counsel, moves (1) to vacate his sentence pursuant to 28 U.S.C. § 2255[1] and (2) to permit counsel to withdraw. I will direct the government to respond to the motion to vacate and grant the request to withdraw.

**I.**

On August 19, 2009, defendant pleaded guilty to attempted obstruction of commerce by robbery and attempted possession with intent to distribute 5 kilograms or more of cocaine. 18 U.S.C. § 1951(a) & 21 U.S.C. § 846. The charges arose out of defendant's participation in a scheme to rob a fictitious drug supplier, part of an ATF sting operation. At sentencing, defendant faced a statutory mandatory minimum of 10 years, with a guideline range of 135-168 months.

On January 21, 2010, the government filed a motion under U.S.S.G. § 5K1.1, requesting a sentence of 120 months based on defendant's substantial assistance. The motion did not

---

[1] Defendant's motion also references 18 U.S.C. § 3582(c)(1)(A), but sentence modification under that statute may be granted only on the motion of the Director of the Bureau of Prisons. See, e.g., United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997).

reference 18 U.S.C. § 3553(e), so defendant remained subject to the 10 year mandatory minimum. See Melendez v. United States, 518 U.S. 120, 125-26 (1996). However, on February 8, 2010, the government filed a second substantial assistance motion, which did reference § 3553(e), requesting a sentence of 106 months. The motion indicated that defendant, through counsel, also agreed to recommend a sentence of 106 months. On February 9, 2010, based on the parties' joint recommendation, I sentenced defendant to 106 months in prison. On March 15, 2010, defendant filed an out-of-time notice of appeal, but he later moved to dismiss his appeal, a request granted by the Seventh Circuit on November 22, 2010.

In the instant motion, filed on November 16, 2011, defendant argues that he received ineffective assistance of counsel when his lawyer stipulated to a sentence of 106 months without first consulting him; he avers that counsel led him to believe that he would receive a sentence of 46 months. Defendant further contends that in following the stipulation I relied upon inaccurate information, i.e., that he agreed to such a sentence. Finally, he contends that his substantial assistance entitled him to a greater reduction, which I may have granted absent the stipulation and/or the ineffectiveness of his lawyer.

**II.**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

**III.**

The Due Process Clause entitles a defendant to be sentenced on the basis of accurate information. See Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989); United States v. Tucker, 404 U.S. 443, 447 (1972). If the defendant can show that the information before the sentencing court was false and that the court relied upon the false information, his sentence may be vacated under § 2255. See Theodorou, 887 F.2d at 1339. The Sixth Amendment guarantees a defendant the effective assistance of counsel for his defense. See Strickland v. Washington, 466 U.S. 668 (1984). If the defendant can demonstrate that his attorney's performance was objectively deficient and that he was prejudiced by the sub-par representation, he may also obtain relief under § 2255. See, e.g., Yu Tian Li v. United States, 648 F.3d 524, 527 (7th Cir. 2011). Defendant presents at least colorable constitutional claims under these standards. I will therefore direct the government to file a response to the motion to vacate.[2]

---

[2] I make no estimate as to the merits of defendant's claims. Absent implication of one of those few decisions that must be made by the defendant personally (e.g., whether to plead guilty, waive a jury, or pursue an appeal), counsel enjoys wide discretion to enter into stipulations with the prosecutor. See generally Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). It may be that in this case the government was unwilling to file any motion under § 3553(e) absent a joint recommendation as to the ultimate sentence. Within constitutional limits, the government gets to decide whether to file a substantial assistance motion. See Wade v. United States, 504 U.S. 181, 185-86 (1992). If the only choice was between 120 months and 106 months, it is difficult to see how defendant was prejudiced by counsel's choice, even if she did not discuss the matter with him first, as he alleges. These issues can be explored through the government's response and any further proceedings.

3

**IV.**

In the motion to withdraw, counsel states that he reviewed defendant's case and gave defendant his advice, but defendant does not accept that advice. Counsel further states that there was insufficient time before the expiration of the one-year period for filing under 28 U.S.C. §2255(f) for counsel to withdraw and defendant to take over his own representation. Therefore, counsel filed the § 2255 motion to preserve defendant's rights with the understanding that, once timely filed, defendant would represent himself before the court. Given these representations, I will grant the request to withdraw.

**V.**

**THEREFORE, IT IS ORDERED** that Attorney Jeffrey Jensen's motion to withdraw is **GRANTED**.

**IT IS FURTHER ORDERED** that the government file a response to the motion to vacate on or before **January 9, 2012**. The court will address further scheduling on review of the government's response.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge